IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE TABLEWARE ANTITRUST
LITIGATION
_____/

THIS DOCUMENT RELATES TO
ALL ACTIONS
_____/

No   C-04-3514 VRW

ORDER

    Plaintiffs in these consolidated cases allege that May Department Stores Co ("May") and Federated Department Stores, Inc ("Federated"), which operate department stores across the United States, and Lenox, Inc ("Lenox") and Waterford Wedgwood, USA ("Waterford"), both of which produce fine tableware sold in the United States, conspired with one another to boycott Bed, Bath and Beyond, a competitor of May and Federated.

    Plaintiffs reached a settlement with Lenox on February 22, 2007, Doc #301, ¶ 6, and now seek preliminary approval of various aspects of the settlement. In particular, plaintiffs seek: (1) preliminary approval of the settlement reached by the parties; (2) approval of the proposed form of notice; (3) establishment of a schedule for class members to object to the settlement and (4) a hearing on final approval of the settlement at which class members may be heard. Doc #300.

On March 13, 2007, the court certified the following litigation class pursuant to FRCP 23(b)(3):

> All persons who purchased in the United States from Federated or May Department Stores Lenox Tableware during the period October 1, 2001 through October 31, 2003 or Waterford Wedgwood Tableware during the period October 1, 2001 through April 30, 2005 (the "Class Period"). Excluded from the Class are all employees, officers, directors or agents (including attorneys) of any defendant, as well as any judge, justice or judicial officer presiding over this matter, and each such person's immediate family.
>
> "Lenox Tableware" includes Lenox, Gorham and Kate Spade brand dinnerware (china), crystal stemware, glassware, flatware (sterling and stainless), and giftware.
>
> "Waterford Wedgwood Tableware" includes Waterford, Marquis by Waterford, Wedgwood, Vera Wang, Johnson Brothers, and Franciscan brand dinnerware (china), crystal stemware, glassware, flatware (sterling and stainless), and giftware.
>
> "Federated Department Stores" includes Macy's and Bloomingdale's, Rich's, Lazarus, Goldsmith's, Burdine's and the Bon Marche.
>
> "May Department Stores" includes May, Famous-Barr (including L S Ayers and The Jones Store), Filene's, Foley's, Hecht's, Kaufmann's, Meier & Frank, Robinsons-May and Strawbridge's.

Doc #287. The court also granted plaintiffs' request for appointment of counsel pursuant to FRCP 23(g). Id. As plaintiffs' proposed settlement class is identical to the certified litigation class, the court certifies the Lenox settlement class for reasons discussed in the court's March 13, 2007, order. See Doc #287.

The proposed settlement agreement provides that Lenox will pay $500,000 in cash into a fund to be distributed to class members. Doc #301, Ex A, ¶ 15. The settlement also authorizes the use of a maximum of $200,000 of the settlement fund for notice and administrative costs. Id, ¶ 18(a).

The question currently before the court is whether this settlement should be preliminarily approved.

> "[The] preliminary determination establishes an initial presumption of fairness * * *." In re General Motors Corp, 55 F3d 768, 784 (3d Cir 1995) (emphasis added). As noted in the Manual for Complex Litigation, Second, "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing * * *." Manual for Complex Litigation, Second § 30.44 (1985). In addition, "[t]he court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid." Newberg on Class Actions § 11.25 (1992).

Schwartz v Dallas Cowboys Football Club, Ltd, 157 F Supp 2d 561, 570 n12 (ED Pa 2001). In other words, preliminary approval of a settlement has both a procedural and a substantive component.

The court concurs with plaintiffs' counsel that the procedure for reaching this settlement was fair and reasonable and that the settlement was the product of arms-length negotiations. Doc #301, ¶ 9. Experienced counsel on both sides, each with a comprehensive understanding of the strengths and weaknesses of each party's respective claims and defenses, negotiated this settlement over an extended period of time during 2006. Doc #301, ¶¶ 5, 6, 9.

The substantive fairness and adequacy of the settlement confirms this view of the fair procedures used to reach the settlement. To evaluate adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer. See Armstrong, 616 F2d at 314; Grunin v Int'l House of Pancakes, 513 F2d 114, 124 (8th Cir 1974). The settlement

consideration seems reasonable under this standard, particularly in light of the court's subsequent order granting Waterford's motion for summary judgment. Doc #286 at 32:8-9. Based on this risk and the anticipated expense and complexity of further litigation, the court cannot say that the proposed settlement is obviously deficient or is not "within the range of possible approval." <u>Schwartz</u>, 157 F Supp 2d at 570 n12.

The court next takes up the form of notice. Plaintiffs request that a single comprehensive notice be disseminated to the class regarding both the litigation and the Lenox settlement class. Doc #300 at 1-2. The court supports consolidation, as multiple notices to members of the class would likely confuse the class and cause plaintiffs to incur unnecessary expenses. Plaintiffs propose that a "short form notice," see Doc #302, Ex A, be published in *USA Today*. Also, in addition to plaintiffs' dedicated website, www.tablewarelitigation.com, plaintiffs intend to publish notice at www.theknot.com, the most trafficked website related to wedding planning. Doc #300 at 5. As discussed at the hearing on the present motion, magazine publication will not be possible in light of the June 11, 2007, trial date and, in any event, would appear to add little by way of alerting class members to their rights to object to this settlement or opt out of the class. In the unlikely scenario that a sizable number of class members decide to opt out of the litigation, the court will consider requiring further publication.

Because defendants do not have a list of potential class members, Doc #301, ¶ 2, the court agrees with plaintiffs that notice by publication is the only reasonable method of informing

4

**class members of the pending class action and the Lenox settlement. See FRCP 23(c)(2)(B) (class members entitled to the "best notice practicable under the circumstances"); see also <u>Manual for Complex Litigation</u> (4th ed 2004) § 21.311 ("Publication in magazines, newspapers, or trade journals may be necessary if class members are not identifiable after reasonable effort"). Accordingly, the court APPROVES the proposed form of notice, as to both form and content.**

**In sum, the court GRANTS plaintiffs' motion for provisional certification of the settlement class and confirms Saveri & Saveri, Inc; Zelle Hofmann Voelbel Mason & Gette; Furth Lehmann & Grant LLP; The Law Firm of Joseph M Alioto; and The Law Offices of Randy Renick as class counsel and Scott Young and Tami Galindo as class representatives. Additionally, the court ORDERS the following schedule for further proceedings:**

| Date | Event |
|---|---|
| On or before April 30, 2007 | Publication in *USA Today* |
| June 7, 2007 | Deadline to postmark objections or opt out |
| July 19, 2007 | Deadline for filing briefing in support of final approval of settlement |
| August 9, 2007 | Hearing on final approval of settlement |

*//*
*//*
*//*
*//*
*//*
*//*

1     At the final approval hearing on August 9, 2007, at 2:00 pm, the court will determine:  (1) whether the proposed settlement should be approved as fair, reasonable and adequate; (2) the merits of objections, if any, made to the settlement or any of its terms; (3) the amount of litigation costs, expenses and attorney fees, if any, that should be awarded to class counsel; and (4) other matters related to the settlement.

      IT IS SO ORDERED.

                                    _____
                                    **VAUGHN R WALKER**
                                    United States District Chief Judge